**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2417
_____

BAMBANG SURYANTO,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-425-082)
Immigration Judge:  Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed October 18, 2011)
_____

OPINION
_____

PER CURIAM.

Bambang Suryanto petitions for review of a final order of the Board of

Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying

withholding of removal and relief under the Convention Against Torture (CAT).  We will

deny the petition for review.

1

Suryanto, a citizen of Indonesia, was admitted to the United States as a nonimmigrant visitor in 1998. In 2007, the Department of Homeland Security charged him with being removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant who had remained in the United States for a longer time than permitted. Suryanto conceded his removability but sought withholding of removal and CAT protection.[1]

At an administrative hearing before the IJ, Suryanto claimed that he had been persecuted in Indonesia on the basis of his Christian religion and Chinese ethnicity. More specifically, Suryanto testified that when he was in school, his classmates taunted him and called him a Chinese "pork eater." His most serious allegation concerned an event that occurred in 1986. At the time, he was working in a grocery store. Six men entered the store, and one man, who was drunk, asked him for money. When Suryanto refused the request, the men hit him with a rock. Suryanto testified that one of the men was arrested and punished, but secured his release from custody by paying a bribe. Suryanto further testified that during the 1998 riots, two churches were destroyed, and he saw flyers that threatened Indonesians of Chinese descent. He then left Indonesia and traveled to the United States.

---

[1] Suryanto acknowledged that he was ineligible for asylum because he had failed to file an application within one year of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B).

2

The IJ concluded that Suryanto was removable, finding that he failed to meet his burden of proof for withholding of removal and CAT relief. The BIA then dismissed Suryanto's appeal. As to the withholding-of-removal claim, the BIA first concluded that Suryanto had failed to establish that he had experienced harm rising to the level of past persecution on account of a protected ground under the INA. See 8 C.F.R. § 1208.16(b)(1). The BIA further rejected Suryanto's claim that he would be subject to future persecution in Indonesia, holding that Suryanto had not shown that he would either be singled out for persecution or that there was a pattern and practice of persecuting similarly situated individuals in Indonesia. See § 1208.16(b)(2). Finally, the BIA affirmed the IJ's ruling that Suryanto had not established eligibility for CAT relief.[2] Suryanto then filed a timely petition for review with this Court.

We have jurisdiction over the BIA's final order of removal pursuant to 8 U.S.C. § 1252. Where, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008). We must uphold the agency's factual findings, including its findings as to whether Suryanto has demonstrated past persecution or a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator

---

[2] Suryanto has not challenged the BIA's ruling on his CAT claim, and we therefore do not address it in this opinion.

3

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Suryanto argues that the BIA erred in concluding that he did not suffer past persecution. To be eligible for relief due to past persecution, aliens must show that they were victims of "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (internal quotation marks omitted).

We conclude that substantial evidence supports the BIA's determination that Suryanto failed to show past persecution. We have previously held that isolated attacks, such as the one that Suryanto suffered in 1986, are not sufficiently severe to amount to persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Moreover, Suryanto presented no evidence that this attack occurred "on account of" his nationality or religion. See Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) ("[m]ere generalized lawlessness and violence between diverse populations . . . generally is not sufficient to permit the Attorney General to grant asylum" (internal quotation marks omitted)). Suryanto's other allegations are even less compelling. For instance, we have upheld agency conclusions that the type of verbal harassment that Suryanto experienced does not constitute persecution. See Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005). Similarly, Suryanto's contention that criminals set fire to two churches — churches that Suryanto did not attend — does little to advance his claim. See Kho v. Keisler, 505 F.3d 50, 57-58 (1st Cir. 2007). We therefore cannot conclude that the record

4

compels the conclusion that the harm Suryanto suffered qualifies as persecution.

In his brief, Suryanto argues that a remand is required because the BIA did not adequately consider a report from Dr. Jesse Morantz, who opined that a physical examination of Suryanto revealed injuries consistent with his account of the 1986 assault. There are two problems with this argument. First, like the BIA, the IJ did not explicitly address Dr. Morantz's report in his decision, yet Suryanto did not raise this issue (or even mention Dr. Morantz ) in his brief to the BIA. As a consequence, he has failed to exhaust the claim. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Moreover, even if Suryanto had exhausted this issue, his argument is unavailing. The BIA's decision reflects that it fairly considered the record evidence. See Thu v. Att'y Gen., 510 F.3d 405, 416 n.16 (3d Cir. 2007) ("Consideration of all evidence does not require comment on all evidence."). Indeed, given that Dr. Morantz's report does not address the fundamental shortcoming in Suryanto's case, it was natural for the BIA to choose not to discuss it. That is, the BIA denied relief not because it disbelieved Suryanto's contention that he was attacked, but because even accepting the truth of Suryanto's testimony, his claim still failed. We will therefore deny Suryanto's request for a remand.

Suryanto has failed meaningfully to challenge the BIA's findings concerning future persecution, and has thus waived any such argument. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing

5

reference to an issue . . . will not suffice to bring that issue before this court" (internal quotation marks omitted)). In any event, we note that the BIA's two relevant determinations — that Suryanto had failed to show either (1) that he would be singled out for persecution in Indonesia in light of the fact that his family has continued to live there without meeting harm, or (2) a pattern and practice of persecution of similarly situated individuals — are consistent with our case law. See Wong, 539 F.3d at 234; Lie, 396 F.3d at 537.

Accordingly, we will deny the petition for review.